1  Matthew G. Kleiner  (SBN:  024275)
2  Rachel L. Werner  (SBN:  033361)
   **GORDON REES SCULLY MANSUKHANI, LLP**
3  Two North Central Avenue Suite 2200
   Phoenix, AZ 85004
   Telephone:  (602) 794-2484
4  Facsimile:  (602) 265-4716
   mkleiner@grsm.com
5  rwerner@grsm.com

6
7  Attorneys for Defendant
   AMGUARD INSURANCE COMPANY

8

9           IN THE UNITED STATES DISTRICT COURT

10           FOR THE DISTRICT OF ARIZONA

11

12 | RMJAK PROPERTIES, LP, an Arizona limited partnership, | **CASE NO.** |
13 | | |
   | Plaintiff, | **NOTICE OF REMOVAL** |
14 | | |
   | vs. | Pima County Superior Court Case No. C1095626 |
15 | | |
   | AMGUARD INSURANCE COMPANY, a Pennsylvania corporation, | |
16 | | |
17 | | |
   | Defendant. | |
18

19      Defendant AmGUARD Insurance Company ("AmGUARD") files this Notice of

20  Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof,

21  AmGUARD respectfully alleges the following:

22  **I.      Commencement and Service**

23      1.      On or about November 7, 2019, Plaintiff RMJAK Properties, LP,

24  ("Plaintiff") filed this action against AmGUARD in the Pima County Superior Court in

25  Case Number C20195626 (the "Superior Court Action").

26      2.      Plaintiff filed an amended complaint ("Complaint") in the Superior Court

27  Action on November 15, 2019.  (Attached hereto as Exhibit "A" is a true and correct copy

28  of the Summons and Complaint).

-1-

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

3. On November 27, 2019, the Complaint was served on AmGUARD through the Arizona Department of Insurance.

4. The Complaint was silent as to the amount in controversy.

5. AmGUARD answered the Complaint on January 10, 2020.

6. As explained in more detail below, on March 4, 2020 AmGUARD first learned that the amount in controversy exceeded $75,000. AmGUARD prepared this Notice of Removal within 30 days of the date it first learned the amount in controversy exceeded $75,000.

7. The Notice of Removal is timely filed because it was filed within 30 days after AmGUARD received information demonstrating has become removable. *See* 28 U.S.C. § 1446(b)(3); *see also Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 788 (9th Cir. 2018) (holding if the complaint itself does not provide a basis for removal, a defendant may file a notice of removal within 30 days after receipt of information from which it may first be ascertained that the case is one which is or has become removable) *See* 28 U.S.C.S. § 1446(c)(3)(A) (information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery triggers the 30-day time limit).

## II. Grounds for Removal – Diversity Jurisdiction

8. AmGUARD is entitled to remove the Superior Court Action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000, between parties with complete diversity of citizenship. *See* 28 U.S.C. § 1332(a) (district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000, exclusive of costs and interest; and (2) is between citizens of different states).

## III. Diversity of Citizenship

9. This is an action between parties with complete diversity of citizenship.

10. Diversity of citizenship exists where the matter in controversy is between citizens of different states. *See* 28 U.S.C. §1332(a). A corporation for purposes of 28 U.S.C. § 1332(a) is considered a citizen of any state in which it is incorporated and in which

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

1    it has its principal place of business.  28 U.S.C. §1332(c).

2          11.    Plaintiff is an Arizona limited partnership located in Pima County, Arizona.

3    (See Exhibit "A", Complaint, ¶ 1.)

4          12.    AmGUARD is a corporation that is both incorporated, and has its principal

5    place of business in Pennsylvania, from which AmGUARD's officers direct, control and

6    coordinate AmGUARD's activities.

7          13.    AmGUARD is authorized to transact business within the State of Arizona

8    and this judicial district.

9          14.    No change in the citizenship of the parties has occurred since the

10   commencement of the state court action.  As AmGUARD and Plaintiff are from different

11   states, complete diversity of citizenship exists and the first prong of 28 U.S.C. § 1332(a) is

12   satisfied.

13   **IV.    Amount in Controversy**

14         15.    In the Complaint, Plaintiff alleges that they sustained property damage for

15   which AmGUARD failed to make payment on Plaintiff's property damage claim.  Plaintiff

16   alleges causes of action against AmGUARD for breach of insurance contract, breach of

17   implied duty of good faith and fair dealing, and tortious bad faith.   In addition to

18   compensatory damages, Plaintiff seeks punitive damages and attorney's fees.  The face of

19   Plaintiff's Complaint does not specifically plead any amount in controversy.

20         **A.    Applicable Law**

21         16.    Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where

22   the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest.

23   *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  The amount in

24   controversy may also include any attorney's fees as authorized by law.  *Id.*; *Ansley v.*

25   *Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 576-78 (D. Ariz. 2003).

26         17.    Where, as in this case, the Complaint does not specifically plead an amount

27   in controversy greater than $75,000, defendant has the burden of proving that the amount

28   in controversy exceeds the sum of $75,000 by a preponderance of the evidence.

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

1  *Guglielmino*, 506 F.3d at 700; *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979-80 (9th Cir.

2  2005).

3      **B.    Factors Illustrating the Amount in Controversy Exceeds $75,000**

4      18.    On March 4, 2020, Plaintiff served its Initial Rule 26.1 Disclosure Statement

5  and disclosed an estimate valuing the total cost of alleged damages at approximately

6  $251,000.00.  (Attached hereto as Exhibit "B" is a true and correct copy of the Estimate,

7  pg. 25.) Therefore, the disclosed estimate demonstrates that the amount in controversy

8  under the Complaint exceeds the diversity jurisdictional minimum of $75,000.

9      19.    Plaintiff filed a Rule 102(a) FASTAR Certificate certifying that the amount

10  in controversy exceeds $50,000 and is not subject to compulsory arbitration.  (Attached

11  hereto as Exhibit "C" is a true and accurate copy of the FASTAR Certificate.)

12      20.    Plaintiff seeks recovery of damages based upon, among other things, breach

13  of contract and bad faith.  (See Exhibit "A", Complaint, Counts 1 and 2.)

14      21.    In their causes of action for breach of contract and bad faith, Plaintiffs seek

15  recovery of attorney's fees.  (See Exhibit "A", Complaint, ¶ 48-68.)

16      22.    A cause of action for breach of contract and/or bad faith entitles the

17  prevailing party to an award of attorney's fees.  *See* A.R.S. 12-341.01 ("In any contested

18  action arising out of a contract, express or implied, the court may award the successful

19  party reasonable attorney fees.")

20      23.    A district court may consider similar state cases in determining the amount

21  in controversy.  *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006).

22      24.    Arizona courts have awarded attorney's fees in excess of $45,000 to the

23  prevailing party in breach of contract and bad faith actions.  *See Hollingsworth v. State*

24  *Farm Mut. Auto. Ins. Co.,* Pima County Superior Court, Case No. C20105077 (Sept. 14,

25  2012) (plaintiff in breach of contract and bad faith action awarded attorney's fees of

26  $89,000); *Southwest Farm Services, LP v. Burns*, Maricopa County Superior Court, Case

27  No. CV2010-092562 (July 25, 2012) (plaintiff in breach of contract action awarded

28  attorney's fees of $48,431.90); *Cohen, et al v. Greenwich Ins. Co., et al.*, Pima County

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

-4-

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

Superior Court, Case No. C20092552 (February 28, 2012) (prevailing party in a breach of contract and bad faith action awarded attorney's fees of $406,324 and $79,391 respectively); *Hall v. Read Dev., Inc.* (April 12, 2012) 2012 Ariz. App. Unpub. LEXIS 455 (upholding attorney fee award for breach of contract in excess of $200,000 where only $30,000 in compensatory damages was awarded).

25.    The amount in controversy may also include any attorney's fees as authorized by law and punitive damages. *Id*.; *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 576-78 (D. Ariz. 2003).

26.    Based upon Plaintiff's disclosure of the estimate valuing the total cost of alleged damages at approximately $251,000.00, and Plaintiff's concession that damages exceed $50,000, and the award of attorney's fees in similar cases exceeding $45,000, and Plaintiff's request for punitive damages, the amount in controversy, by a preponderance of the evidence, exceeds the $75,000 jurisdictional minimum and the requirements for removal have been satisfied.

**V.    Venue**

27.    Venue properly lies in the United States District Court for the District of Arizona because Plaintiff filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 1441, 1446.

**VI.    Notice**

28.    AmGUARD will give notice of the filing of this Notice of Removal to all parties of record.  AmGUARD will also file with the clerk of the state court and will serve upon Plaintiff a notice of the filing of this Notice of Removal.

**VII.    State Court Pleadings**

29.    Pursuant to Rule 3.6, Local Rules of Civil Procedure, AmGUARD attaches and incorporates by reference true and correct copies of all the pleadings and other documents that were previously filed with the state court, including the most recent copy of the State Court docket:

- Exhibit "A" – Summons and Amended Complaint

-5-

1    • Exhibit "B" – Estimate of alleged total damages

2    • Exhibit "C" – FASTAR Certificate

3    • Exhibit "D" – Superior Court Civil Cover Sheet

4    • Exhibit "E" – Additional State Court Pleadings

5    • Exhibit "F" – Docket

6  **VIII.  Prayer**

7         WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, AmGUARD files

8  this Notice of Removal with the United States District Court for the District of Arizona,

9  and hereby seeks to remove this action from the Superior Court of the State of Arizona,

10  in and for the County of Pima.

11         Dated this 26th day of March, 2020.

12                                    GORDON REES SCULLY

13                                    MANSUKHANI, LLP

14                             By:  Matthew G. Kleiner_____

15                                    Matthew G. Kleiner

                                    Rachel L. Werner

16                                    Attorneys for Defendant

17                                    AMGUARD INSURANCE

                                    COMPANY

18

19  Copy of the foregoing was

20  mailed this 26th day of March

    2020 to the following:

21

22  Michael J. Ponzo, Esq.

    Nicholas Smith, Esq.

23  MERLIN LAW GROUP, P.A.

    2999 North 44th Street, Suite 520

24  Phoenix, Arizona 85018

25  nsmith@merlinlawgroup.com

26

27  *Susan P. Kaye*

28  Susan P. Kaye

**Gordon Rees Scully Mansukhani, LLP**
**Two North Central Avenue Suite 2200**
**Phoenix, AZ 85004**